FRANK M. PEET, Appellant, *v.* WILLIAM F. KIMBALL and Others, Respondents.

*Discontinuance of an action — terms imposed — extra allowance, when improper.*

Where, upon a motion to continue a temporary injunction, granted in an action brought to restrain the assignment of certain contracts, it appears that the defendants have parted with the contracts and that the plaintiff cannot obtain in that action the relief sought by him, and the motion is, therefore, denied, in consequence of which the plaintiff elects to discontinue the action, he should be allowed to do so upon paying the taxable costs, and should not be required to pay the defendants an extra allowance of $1,000.

APPEAL by the plaintiff, Frank M. Peet, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of December, 1900, as requires the plaintiff to pay costs and an extra allowance of costs as a condition of being allowed to discontinue the action.

*Joseph Kling*, for the appellant.

*Origen S. Seymour*, for the respondents.

O'BRIEN, J. :

The plaintiff sought by this action to restrain the assignment of certain contracts for the supply of quantities of emery stone from Turkey which the defendants Kimball controlled, to the defendant Thompson or any party other than to the International Emery and Corundum Company, to compel the defendant Thompson to assign to such corporation the contracts mentioned and to enjoin the defendants from receiving and disposing of any emery ore under the said contracts. The action rests upon an alleged agreement made September 8th, 1900, between the plaintiff and the defendants Kimball by which an option controlled by the former for the purchase of property of the Hampden Emery and Corundum Company, and the interests which the Kimballs controlled in the "Turkish contracts," were to inure to the benefit of a new corporation to be known as the International Emery and Corundum Company ; and it is alleged that, although the plaintiff has performed his part of the agreement and the corporation has been formed, the defendants Kimball have refused to turn over the contracts, the possession of which is essential to the success of the new company, and claim that they have assigned the said contracts to the defendant Thompson. Any such assignment, the plaintiff avers, was with notice of the interests of the International Emery and Corundum Company, and without consideration.

The plaintiff obtained an order restraining the defendants from assigning or in any way dealing with the contracts mentioned, until the further order of the court, and the pleadings and affidavits were then presented upon plaintiff's motion to continue the injunction. That motion was denied and the plaintiff then moved for leave to discontinue the action upon payment of taxable costs and disbursements, and it was ordered that this motion be granted upon condition that the plaintiff pay costs and disbursements "including an extra allowance  *  *  *  of five hundred dollars ($500) apiece" to the defendants Alton H. Kimball and Percy Thompson.

It is doubtful, considering the subject-matter involved in the action and the interests of the defendants in the contracts which

the plaintiff sought to have transferred to the new company, whether there was a sufficient basis for the granting of the allowance. Apart from that question, however, we think upon the facts appearing, that this is not a case in which an extra allowance could have been granted.

The plaintiff, as stated, obtained an injunction and gave the usual undertaking, and all the trouble or expense to which the defendants were put was in appearing and opposing the motion to continue the injunction. That motion having been denied because it was demonstrated that the plaintiff could not get the relief which he sought in this action for the reason that the defendants had parted with the contracts, there was nothing for him to do but to discontinue. Upon his making the motion for that purpose, all that should have been imposed upon him as a condition was the payment of the taxable costs, leaving the question of whether any damages were suffered by the granting of the original injunction and the compensation which should be given by reason thereof to be determined upon the proceedings to fix his liability upon the undertaking.

We think that subjecting the plaintiff to a possible liability upon the undertaking as condition for leave to discontinue, and, in addition, granting to defendants an extra allowance of $1,000, were terms more severe and onerous than the facts justified.

The order appealed from should, therefore, be modified by striking out the provision for an extra allowance, and, as so modified, affirmed, without costs.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order modified by striking out the provision for extra allowance, and, as modified, affirmed, without costs.